# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH KYLE PORTER,<br><br>               Plaintiff,<br><br>    v.<br><br>M. BITER, et al.,<br><br>               Defendants. | 1:13-cv-00803 AWI GSA PC<br><br>ORDER DISMISSING COMPLAINT<br>AND GRANTING PLAINTIFF<br>LEAVE TO FILE AN AMENDED<br>COMPLAINT<br><br>AMENDED COMPLAINT DUE<br>IN THIRTY DAYS |

## I.  Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     <u>Plaintiff's Claims</u>

### A.     <u>Summary of Complaint</u>

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Kern Valley State Prison (KVSP), brings this civil rights action against defendant correctional officials employed by the CDCR at KVSP. Plaintiff claims that defendants have denied his request to change his name in order to comply with his Islamic religious beliefs.

Specifically, Plaintiff alleges that he requested, through the appropriate administrative process, to change his name to Eeman Muhammad Abd Al-Rahman Al Muhasibi Shahid' Ud-

Din. Plaintiff alleges that he requested permission from the Warden, Defendant Biter, who denied the request.

B. **RLUIPA**

The Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) provides that:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person –
> (1) is in furtherance of a compelling government interest; and
>
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1. Plaintiff bears the initial burden of demonstrating that defendants substantially burdened the exercise of his religious beliefs. Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005). If Plaintiff meets HIS/HER burden, defendants must demonstrate that "any substantial burden of Plaintiff's exercise of HIS/HER religious beliefs is *both* in furtherance of a compelling governmental interest." Id. (emphasis in original). "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." Id.

Plaintiff cannot succeed on his RLUIPA claim because he cannot establish that the prison's requirements substantially burden the exercise of his religion. Warsoldier, 418 F.3d at 994-95. A burden on the exercise of religion is substantial if it substantially pressures an inmate "to modify his behavior and to violate his [sincerely held] religious beliefs." Shakur v. Schriro,

514 F.3d 878, 888 (9th Cir. 2008).   There are no allegations that Plaintiff is prohibited from using his religious name along with his committed name.

### C.     First Amendment

Plaintiff also fails to make a valid Free Exercise Clause claims because "allowing an inmate to use both his religious and committed names 'is a reasonable middle ground between absolute recognition of the plaintiff's [religious name] and the prison interests of order, security, and administrative efficiency."  See Malik v. Brown, 16 F.3d 330, 334 (9th Cir. 1994).  Plaintiff points to no religious observance that requires him to go by the name "Eeman Muhammad Abd Al-Rahman Al Muhasibi Shahid' Ud-Din.."  Nor does he point to any religion or religious belief that mandates his name change.  Nor does he demonstrate how the practice of his religion has been burdened by the requirement that he use his committed name in prison communications.

Even if Plaintiff's name change were rooted in a sincerely held religious belief, "allowing an inmate to use both his religious and committed names 'is a reasonable middle ground between absolute recognition of the plaintiff's [religious name] and the prison interests of order, security, and administrative efficiency."  Id. at 34.  Here, as in Plaintiff's RLUIPA claim, Plaintiff fails to allege facts indicating that an individual defendant has prohibited him from using his committed name alongside his religious name.

### III.    Conclusion and Order

The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal

4

rights, <u>Hydrick</u>, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **October 16, 2013**           **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE