UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENTHY KYLE PORTER,<br><br>      Plaintiff,<br><br>   vs.<br><br>MARTIN BITER, et al.,<br><br>      Defendants. | 1:13-cv-00803-AWI-GSA-PC<br><br><u>SECOND SCREENING ORDER</u><br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND (Doc. 14.)<br><br>THIRTY DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT |

**I.  BACKGROUND**

Kenthy Kyle Porter ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on May 28, 2013. (Doc. 1.) The Court screened the Complaint pursuant to 28 U.S.C. § 1915A and issued an order on October 17, 2013, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 11.) On November 20, 2013, Plaintiff filed the First Amended Complaint, which is now before the court for screening. (Doc. 14.)

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at the California Substance Abuse Treatment Facility and State Prison (SATF) in Corcoran, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR). The events at issue in the First Amended Complaint allegedly occurred at Kern Valley State Prison (KVSP) in Delano, California, when

Plaintiff was incarcerated at there.  Plaintiff names as defendants Martin Biter (Warden of KVSP) and Aaron Lane (Correctional Counselor I).  Defendants were employed by the CDCR at the time of the events at issue.  Plaintiff's factual allegations follow, in their entirety.

> I requested the permission of my then correctional institution to use my Muslim-Religious name, and in fact for it to become my new legal name.  I explained that my current name is offensive to me as it reflects my former state as a non-Muslim and that Islamicly (*sic*) my name represented a violation of sacred law.  Namely, as this Plaintiff was legally adopted and the name "Porter" is that of my adoptive father.  This violates the Islamic prohibition of claiming one as your father who in fact is not.  I cannot even use my religious name in conjunction with my current legal name as CDCR policy prohibits the use of any other name by an inmate besides that which is legally recognized by both the State of California and the CDCR.  My Islamic faith requires that I abandon every offensive name and the name "Kenthy Kyle Porter" is offensive to me religiously as it is the name which draws only negative [connotations] and memories of those who are familiar with it and who hear it.  Further, it violates another religious precept in Islam that I only keep and refer to myself and others by the best or good names.

(First Amended Complaint at 3 ¶IV.)  Plaintiff requests injunctive relief.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws."  <u>Sweaney v. Ada County, Idaho</u>, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A. <u>Injunctive Relief</u>

Plaintiff requests only injunctive relief, via a court order requiring the CDCR to allow his legal name to be changed from "Kenthy Kyle Porter" to his religious name "Muhammad Eeman Abd Al-Rahman al-Muhasibi Shahid-ud Din," and to allow him to use the religious name during normal prison activities such as sending and receiving mail.

At the time Plaintiff filed the Complaint for this action, he was in custody at KVSP, and both of Plaintiff's named Defendants are prison officials employed at KVSP. Now, according to Plaintiff's address of record at the court, Plaintiff is no longer in custody at KVSP and is incarcerated at SATF.[1] Because Plaintiff is no longer subjected to conditions at KVSP, he may not proceed against KVSP officials for injunctive relief. Nor may Plaintiff request relief from the CDCR, because Plaintiff has not named the CDCR as a defendant. Thus, Plaintiff may not proceed in this case for injunctive relief against the CDCR or the two named Defendants. Therefore, Plaintiff fails to state a cognizable claim in the First Amended Complaint against any of the Defendants. Plaintiff shall be granted leave to amend the Complaint to cure the deficiencies found by the court.

**B.      Linkage Requirement**

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). A person deprives another of a constitutional right, where that person "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). The "'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 743-44).

In the First Amended Complaint, Plaintiff does not allege any facts whatsoever concerning defendant Aaron Lane. Therefore, Plaintiff fails to state a cognizable claim for relief under section 1983 against defendant Lane.

///

---

[1] On October 31, 2013, Plaintiff filed a Notice of Change of Address, changing his address from KVSP to SATF. (Doc. 12.)

### C. Legal Standards

In the paragraphs that follow, the court shall set forth the legal standards that appear to apply to Plaintiff's claims. Plaintiff should review the standards before amending the complaint.

#### 1. Free Exercise Claim – First Amendment

"Inmates . . . retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (internal quotations and citations omitted). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), overruled in part by Shakur, 514 F.3d at 884-85.

Plaintiff is entitled to a *reasonable* opportunity to practice his religion. Cruz v. Beto, 405 U.S. 319, 322 (1972). The Constitution does not require prison officials to immediately accede to every request for accommodation that happens to be based in religion. "'Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" Id. (quoting Price v. Johnson, 334 U.S. 266, 285 (1948)). "In order to establish a free exercise violation, [a prisoner] must show the defendants burdened the practice of his religion, by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests." Freeman, 125 F.3d at 736. "In order to reach the level of a constitutional violation, the interference with one's practice of religion 'must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief that is central to religious doctrine.'" Id. at 737 (quoting Graham v. C.I.R., 822 F.2d 844, 851 (9th Cir. 1987)).

"The adoption of Muslim names by converts to the Islamic faith is an exercise of religious freedom," and "allowing an inmate to use both his religious and committed names 'is a reasonable middle ground between absolute recognition of the plaintiff's [religious name] and

the prison interests of order, security, and administrative efficiency." Malik v. Brown, 16 F.3d 330, 333-34 (9th Cir. 1994).

### 2. RLUIPA Claim

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
>
> (1) is in furtherance of a compelling government interest; and
>
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1. To state a RLUIPA claim, a plaintiff must allege facts demonstrating that a defendant substantially burdened the exercise of his religious beliefs. Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005). In any RLUIPA claim, one must first identify the "religious exercise" allegedly impinged upon, and then must ask whether the prison regulation at issue "substantially burdens" that religious exercise. Greene v. Solano County Jail, 513 F.3d 982, 987 (9th Cir. 2008). The Ninth Circuit recently decided that a RLUIPA claim may not be maintained against prison officials in their individual capacities. Wood v. Yordy, No. 12-35336, slip opinion at 3 (9th Cir. June 3, 2014).

## V.   CONCLUSION AND ORDER

For the foregoing reasons, the Court finds that Plaintiff's First Amended Complaint fails to state any claims upon which relief can be granted under § 1983 against any of the Defendants. "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). Plaintiff shall be granted another opportunity to amend the complaint. The Court will provide Plaintiff with time to file a Second Amended Complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file a Second Amended Complaint within thirty days.

Plaintiff is reminded that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The amended complaint should be brief, but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 676; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal at 676. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff should state clearly, in his own words, what happened and how each defendant's actions violated the particular right described by Plaintiff.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated issues. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). In addition, Plaintiff should take care to include only those claims that have been administratively exhausted.

Finally, the amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's First Amended Complaint, filed on May 28, 2013, is dismissed for failure to state a claim, with leave to amend;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a Second Amended Complaint curing the deficiencies identified by the Court in this order;

4. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:13-cv-00803-AWI-GSA-PC; and

5. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **June 4, 2014**                              **/s/ Gary S. Austin**
                                                                      UNITED STATES MAGISTRATE JUDGE