UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENTHY KYLE PORTER,<br><br>          Plaintiff,<br><br>     vs.<br><br>MARTIN BITER,<br><br>          Defendant. | 1:13-cv-00803-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM (Doc. 14.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.     BACKGROUND**

Kenthy Kyle Porter ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on May 28, 2013. (Doc. 1.) The court screened the Complaint pursuant to 28 U.S.C. § 1915A and issued an order on October 17, 2013, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 11.) On November 20, 2013, Plaintiff filed the First Amended Complaint. (Doc. 14.) On June 4, 2014, the court dismissed the First Amended Complaint for failure to state a claim, with leave to amend. (Doc. 16.) On June 30, 2014, Plaintiff filed the Second Amended Complaint, which is now before the court for screening. (Doc. 17.)

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff is presently incarcerated at Salinas Valley State Prison (SVSP) in Soledad, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR). The events at issue in the Second Amended Complaint allegedly occurred at Kern Valley State Prison (KVSP) in Delano, California, when Plaintiff was incarcerated at there.

Plaintiff names as defendants the CDCR and Captain R. Davis (CDCR Appeals Examiner). Defendants were employed by the CDCR at the time of the events at issue. Plaintiff's factual allegations follow, in their entirety.

> "I requested the permission of my then correctional institution to legally change my name in accordance with my Islamic faith. I explained that my current 'legal' name was religiously offensive to me as it reflected my former state as a non-Muslim. Further as 'Porter' is my adopted last name, using it violated the Islamic prohibition of claiming or attributing fatherhood to one who is not in fact one's true father. As CDCR does not allow inmates to use names not legally their own, I appealed this matter using my institutional appeals system, up to the Directors (of CDCR) level. I explained again here that the continued use of my current name violated not only my religious convictions. Not allowing me to change it prevented me from fully and truly practicing my Islamic faith. R. Davis, who did review my final level appeal on behalf of the Director of the CDCR was made fully aware of my desire and need to change my name in accordance with my religious beliefs. His denial of my third and final institutional appeal constituted his and the CDCR's denial of my request to legally change my name."

(Second Amended Complaint ("SAC") at 3-4 ¶IV.)

Plaintiff requests injunctive relief via a court order legally changing his name to Muhammad-Khaliq Ibn Al-Amriki, and an order requiring the CDCR to allow him full use of the new legal name. Plaintiff also requests costs of litigation and attorney fees.

## IV.   PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." <u>Sweaney v. Ada County, Idaho</u>, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

///

///

3

### A.     **Defendant CDCR**

Plaintiff names the CDCR as a defendant. Plaintiff is advised that he may not sustain an action against a state agency. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989 (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). Because the CDCR is a state agency, it is entitled to Eleventh Amendment immunity from suit. Therefore, Plaintiff fails to state a claim against defendant CDCR.

### B.     **Right to Practice Religion**

#### 1.     **RLUIPA**

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
>
> (1) is in furtherance of a compelling government interest; and
>
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1. Plaintiff must allege facts demonstrating that defendants substantially burdened the exercise of his religious beliefs. Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005). In any RLUIPA claim, one must first identify the "religious exercise" allegedly impinged upon, and then must ask whether the prison regulation at issue

"substantially burdens" that religious exercise. <u>Greene v. Solano County Jail</u>, 513 F.3d 982, 987 (9th Cir. 2008). "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." <u>Warsoldier</u>, 418 F.3d at 995. A burden on the exercise of religion is substantial if it substantially pressures an inmate "to modify his behavior and to violate his [sincerely held] religious beliefs." <u>Shakur v. Schriro</u>, 514 F.3d 878, 888 (9th Cir. 2008).

Here, Plaintiff alleges that defendant R. Davis, the CDCR's Appeals Examiner at the Director's Level of review, denied Plaintiff's request, in an inmate appeal, to legally change his name to "Muhammad-Khaliq Ibn Al-Amriki." Plaintiff's allegations do not support his claim that he is substantially burdened in the exercise of his Islamic religious beliefs. Plaintiff's assertion that his current "legal" name is religiously offensive to him does not demonstrate that he is unable to exercise Islamic beliefs. (SAC at 3 ¶IV.) Plaintiff asserts that using his "legal" name "Porter" violates an Islamic tradition, but there is no assertion that the religious tradition requires him to legally change his name. Moreover, Plaintiff has not alleged that he is prohibited from using his religious name along with his committed name. Plaintiff has not shown that he has been pressured to modify behavior or violate sincerely-held religious beliefs. Therefore, Plaintiff fails to state a claim for relief under RLUIPA.

### 2. **First Amendment – Free Exercise Clause**

The First Amendment to the United States Constitution provides that "Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I. Prisoners "retain protections afforded by the First Amendment," including the free exercise of religion. <u>O'Lone v. Estate of Shabazz</u>, 482 U.S. 342, 348 (1987). However, "'[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" <u>Id</u>. (quoting <u>Price v. Johnson</u>, 334 U.S. 266, 285 (1948)).

The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. <u>Shakur v. Schriro</u>, 514 F.3d

878, 884-85 (9th Cir. 2008); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), *overruled in part by* Shakur, 514 F.3d at 884-85.  "In order to establish a free exercise violation, [a prisoner] must show the defendants burdened the practice of his religion, by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests." Id. at 736.  "In order to reach the level of a constitutional violation, the interference with one's practice of religion 'must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief that is central to religious doctrine.'" Id. at 737 (quoting Graham v. C.I.R., 822 F.2d 844, 851 (9th Cir. 1987)).

Here, as in Plaintiff's RLUIPA claim, Plaintiff fails to allege any facts indicating that he was substantially burdened in his religious practice, because "allowing an inmate to use both his religious and committed names 'is a reasonable middle ground between absolute recognition of the plaintiff's [religious name] and the prison interests of order, security, and administrative efficiency.'"  See Malik v. Brown, 16 F.3d 330, 334 (9th Cir. 1994).  Plaintiff points to no religious observance that requires him to go by the name "Muhammad-Khaliq Ibn Al-Amriki" or any other name.  Nor does he point to any religion or religious belief that mandates his name change.  Nor does he demonstrate how the practice of his religion has been burdened by the requirement that he use his committed name in prison communications.  Here, as in Plaintiff's RLUIPA claim, Plaintiff fails to allege facts indicating that an individual defendant has prohibited him from using his religious name alongside his committed name. Therefore, Plaintiff fails to state a claim for violation of his rights to practice religion under the Free Exercise Clause of the First Amendment.

## V.   CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, the Court finds that Plaintiff's Second Amended Complaint fails to state any claims upon which relief may be granted under § 1983 or RLUIPA against any of the Defendants.  The Court previously granted Plaintiff leave to amend the complaint, with ample guidance by the Court.  The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. This action be DISMISSED in its entirety, with prejudice, for failure to state a claim upon which relief may be granted; and

2. This dismissal count as a STRIKE pursuant to 28 U.S.C. § 1915(g).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 9, 2015**             **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE