IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KENTHY KYLE PORTER**, | 1:13-cv-00803-AWI-GSA |
| Plaintiff, | **ORDER FOR ADDITIONAL BRIEFING** |
| v. | |
| **R. DAVIS, et al.,** | (Doc. 19) |
| Defendants. | |

Plaintiff Kenthy Kyle Porter, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Porter alleges that Defendants wrongfully denied his request to legally change his name in accordance with his Islamic faith. He alleges a violation of the Free Exercise Clause of the First Amendment. The matter was referred to a United States Magistrate Judge pursuant to 28. U.S.C. § 636(b)(1)(B) and Local Rule 302.

Porter filed his original complaint on May 28, 2013. On October 17, 2013, the Magistrate Judge signed a screening order dismissing the case with leave to amend. On November 20, 2013, Porter filed a First Amended Complaint. On June 4, 2014, his case was again dismissed with leave to amend. On June 30, 2014, Porter filed his Second Amended Complaint. On April 9, 2015, the Magistrate Judge issued Findings and Recommendations ("F&R") recommending dismissal of Porter's claims. Porter did not file timely objections to the F&R.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. While the Court is not now deciding the issue, Porter's First Amendment claim potentially has merit. See Scott v. California Supreme Court, 2008 WL 2788346 (E.D. Cal. July 17, 2008) report and recommendation adopted, 2008 WL 4200353 (E.D.

1

Cal. Sept. 12, 2008); Sims v. Biter, 2015 WL 269215 (E.D. Cal. Jan. 21, 2015) report and recommendation adopted, 1:14-cv-00131 (E.D. Cal. Apr. 3, 2015); Harrison v. Tarnoff, 2013 WL 1737164 (E.D. Cal. Apr. 22, 2013) report and recommendation adopted, 2013 WL 2151705 (E.D. Cal. May 16, 2013); Washington v. Adams, 2011 WL 5975646 (E.D. Cal. Nov. 29, 2011) report and recommendation adopted, 2012 WL 1036925 (E.D. Cal. Mar. 27, 2012).  However, Porter's transfer to Salinas Valley State Prison has raised an issue of subject matter jurisdiction. Subject matter jurisdiction is a preliminary issue that generally calls for resolution before courts consider the merits of a case.  See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 575 (1999) (citing Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 (1998)).

Porter is seeking injunctive relief against "CDCR Appeals Examiner R. Davis." Doc. 17, p. 1. Porter alleges that the events detailed in his complaint occurred while he was housed in Kern Valley State Prison ("KVSP").  However, on October 31, 2013, and on October 10, 2014, the Court received notice that Porter had been transferred to new correctional facilities.  Porter now resides in Salinas Valley State Prison ("SVSP").  There is no evidence before the Court to demonstrate that Davis exercises authority over the appeals process at SVSP.

Porter may be seeking injunctive relief against "an individual who is not named as a defendant in this action." See Scott, 2008 WL 2788346, at *9. This Court has no authority to issue injunctive orders against non-parties to the suit. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969) (holding that it is error to enter an injunction against an entity without a determination that that entity is a party to the suit). If a different Appeals Examiner reviews inmate appeals arising out of SVSP, the Court may not make an injunctive order against him or her unless he or she has denied Porter's claim and he or she is included as a party in this case.

The F&R stated that objections should be filed within 30 days. Porter filed no objections. If Porter wishes to pursue his claim further, he should notify the Court and submit additional briefing. In this briefing, Porter should address whether Davis is currently a CDCR Appeals Examiner that has authority to approve a name change for a prisoner appealing out of SVSP. If

Davis does not have this authority, the Court cautions Porter that his claim may be dismissed, and he may need to seek a name change at SVSP before raising this issue in court again. If Porter does not respond to this order, the Court also cautions that this complaint may be dismissed for a lack of prosecution.

**<u>ORDER</u>**

Accordingly, it is HEREBY ORDERED that:

(1) Plaintiff must submit ADDITIONAL BRIEFING on the matters described above within 21 days;

(2) Failure by Plaintiff to timely respond to this order may result in the dismissal of Plaintiff's complaint.

IT IS SO ORDERED.

Dated: July 7, 2015

SENIOR DISTRICT JUDGE