# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KENTHY KYLE PORTER**, | 1:13-cv-00803-AWI-GSA |
| Plaintiff, | **ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |
| v. | |
| **R. DAVIS, et al.**, | (Doc. 19) |
| Defendants. | |

Plaintiff Kenthy Kyle Porter, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 28, 2013. Doc. 1. The matter was referred to a United States Magistrate Judge pursuant to 28. U.S.C. § 636(b)(1)(B) and Local Rule 302. On October 17, 2013, the Magistrate Judge signed a screening order dismissing the case with leave to amend. Doc. 11. On November 20, 2013, Porter filed a First Amended Complaint. Doc. 14. On June 4, 2014, his case was again dismissed with leave to amend. Doc. 16. On June 30, 2014, Porter filed his Second Amended Complaint. Doc. 17. On April 9, 2015, the Magistrate Judge issued Findings and Recommendations ("F&R") recommending dismissal of Porter's claims. Doc. 19  Porter did not file timely objections to the F&R.

On July 7, 2015, this Court issued an order for additional briefing due within 21 days and warned that "[i]f Porter does not respond to this order, the Court cautions that this complaint may be dismissed for lack of prosecution." Doc. 20, 3:2-4. On August 3, 2015, Porter filed a motion for a 30-day extension of time. Doc. 21. On August 5, 2015, the Court granted this motion and provided that the additional briefing was due within 30 days. Doc. 22. This deadline is now

1

well past and Porter has not filed the ordered additional briefing or otherwise contacted the Court.

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint). In determining whether to dismiss an action for lack of prosecution or failure to obey a court order the court must consider several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995); Ferdik, 963 F.2d at 1260–61.

At this time, the Court has no choice but to dismiss the action. Porter failed to object to the F&R and then was provided more than ample time to provide the ordered additional briefing, but failed to do so. Porter was further warned that his failure to timely respond could result in the dismissal of his complaint with prejudice. The Court cannot manage its docket if it maintains cases in which a plaintiff fails to prosecute his or her case. The public's interest in the expeditious resolution of litigation weighs in favor of dismissal of such cases so that the Court's limited resources may be spent on cases in which the litigant is actually proceeding. Public policy favoring disposition of cases on their merits also has little or no weight in actions where the plaintiff lacks enough of an interest to respond to court orders. Less drastic sanctions have been considered, but given Porter's repeated failure to prosecute his case, the Court orders that the action be dismissed and the case closed.

**ORDER**

Accordingly, it is HEREBY ORDERED that:

(1) The action is DISMISSED; and

(2) The Clerk of the Court shall close the case.

IT IS SO ORDERED.

Dated:   September 29, 2015                         _____
                                                                                SENIOR DISTRICT JUDGE